wo

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Khalafa M. Khalafala,**<br>Plaintiff<br>-vs-<br>**Katrinia Kane, et al.,**<br>Defendants | CV-09-1148-PHX-ROS (JRI)<br><br>**ORDER** |

Under consideration is Defendants' Motion to Vacate Scheduling Order and Stay Discovery, filed July 23, 2010 (Doc. 76). Defendants argue that their Motion for Summary Judgment, filed July 23, 2010 (Doc. 73) is likely to resolve this matter, that Plaintiff has served significant discovery requests, and that an efficient resolution of the matter calls for a hiatus in pretrial procedures until the dispositive motion is resolved.

Plaintiff responds (Doc. 86) that: Defendants: are too late, have drug their feet on disclosure and a joint discovery plan, shouldn't be permitted to ignore the scheduling order simply because they have filed a dispositive motion, haven't established a likelihood of success on their dispositive motion, haven't shown that discovery is not needed to resolve the dispositive motion, haven't shown the discovery is burdensome. Plaintiff complains he will be prejudiced by a halt of discovery because his motion for preliminary relief remains pending.

Defendants reply (Doc. 84) that, *inter alia*, Plaintiff may seek protection under Rule 56(f) for purposes of obtaining discovery necessary to respond on the motion for summary judgment, and his discovery has not, to date, addressed his motion for preliminary relief.

The Court is not swayed by Plaintiff's procedural complaints. The motion to stay is timely and properly brought. The motion for preliminary relief is now fully briefed. Thus the sole question is whether the pendency of the motion for summary judgment justifies

- 1 -

1 | delay.

Rule 1 directs the Court to pursue a "just, speedy, and inexpensive determination of every action." If it is assumed that Defendants' Motion for Summary Judgment will be successful, then the proper balancing of these interests would call for a stay of any discovery not necessary to a fair resolution of the motion. If a contrary assumption is made, the Court should require the parties to press on. Unfortunately, the Court cannot assume, but must prognosticate based upon the incomplete briefing on the motion.

Defendants' motion for summary judgment asserts a general defense of qualified immunity. As to Plaintiff's conditions of confinement claims, Defendants rely upon a series of cases addressed to the conditions which must be tolerated by pretrial detainees, and argue that Plaintiff has been placed in administrative segregation upon his own request and based upon his mental illness. (Defendants do not address Plaintiff's unique status as a civil detainee, as opposed to a criminal pretrial detainee. *See e.g. Jones v. Blanas,* 393 F.3d 918, 932 (9th Cir. 2004).) Defendants argue that Plaintiff's transfer to the Pinal County Adult Detention Center was not in retaliation for any First Amendment protected action by Plaintiff, but was part of a wholesale transfer of hundreds of detainees with Plaintiff's security risk level. They argue that Plaintiff's threat to safety claim is unfounded because of the limited risk he faces among detainees, and the absence of any evidence of a prior assault or assault threat. They argue that his due process claim is unfounded because his transfer was not for disciplinary reasons, but as part of the wholesale transfers mandated by facility management concerns.

Although Plaintiff is not required to brief the motion for summary judgment in responding to this motion to stay, Plaintiff proffers no reason to believe that summary judgment will not be granted. Therefore, at this juncture, it appears that there is a significant likelihood that Defendants will be successful in their motion, if not in total then at least as to some claims.

To the extent that the Court might harbor some doubts, a showing that specific discovery was necessary to address the dispositive motion might tempt the Court to err on

the side of pressing the matter forward. Plaintiff makes no suggestion that any outstanding discovery requests are necessary to allow him to respond to the summary judgment motion. And, as noted by, Defendants, Plaintiff still has available to him a motion under Rule 56(f).

Moreover, as noted by Defendants, a qualified immunity defense is intended to shield a defendant not only from judgment but "in protecting public officials from the costs associated with the defense of damages actions." *Crawford-El v. Britton,* 523 U.S. 574, 590 (1998).

As Plaintiff argues, qualified immunity is only an immunity from suit for damages, it is not an immunity from suit for declaratory or injunctive relief. *See L.A. Police Protective League v. Gates*, 995 F.2d 1469, 1472 (9th Cir. 1993). And, it is true that Plaintiff's complaint seeks injunctive relief in the form of a release from custody. However, in light of the nature of Plaintiff's claims, the Court finds it highly unlikely that an absolute release from custody would ever be ordered in this proceeding. While the Court might fashion some lesser injunctive relief (*see* Fed. R. Civ. P. 54(c) (relief not limited by demand)), the potential for such relief is limited, particularly based on Plaintiff's conditions of confinement claim.

Further, although Defendants' motion hails primarily on the basis of qualified immunity, it directly attacks the core of Plaintiff's allegations which are necessary to maintain his claims for injunctive relief as well. Thus, the motion may well narrow the issues to be resolved in disposing of Plaintiff's claims for injunctive relief.

Finally, the Court notes that Plaintiff's response to the motion for summary judgment is due September 9, 2010, and a reply brief two weeks later. Thus, a reasonably prompt resolution of the motion for summary judgment is to be expected.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Vacate Scheduling Order and Stay Discovery, filed July 23, 2010 (Doc. 76) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court's Scheduling Order, filed June 24, 2010 (Doc. 66) is **VACATED**.

**IT IS FURTHER ORDERED** that the service of all further discovery requests is stayed, and the deadlines for responding to outstanding discovery requests vacated, to be

reset upon further order of the Court.

DATED: August 31, 2010

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-1148-07\to Order 10 08 18 re MStay M Vacate Sched Ord.wpd