# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **Khalafa M. Khalafala,** Plaintiff -vs- **John Crowther, et al.,** Defendants | CV-09-1148-PHX-ROS (JRI) **REPORT & RECOMMENDATION** Dismissal for Failure to Serve |

This Report & Recommendation concerns the dismissal of Defendant Unknown ICE Supervisor for failure to serve.

**Background** - This case was commenced on June 2, 2009 with the filing of Plaintiff's original Complaint (Doc. 1). After a series of amendments to the Complaint, culminating in Plaintiff's Third Amended Complaint (Doc. 60), an interlocutory appeal, and various aborted dispositive motions, the Court adopted a schedule in this matter on June 24, 2010 (Doc. 66). Two months later, the Court granted a stay of discovery and vacated the schedule in this matter pending a resolution of the pending dispositive motions. (Order 9/1/10, Doc. 89.)

On February 28, 2011, District Judge Silver granted (Doc. 130), in part, Defendants' Motion for Summary Judgment, dismissing all but Count II of the Complaint. All Defendants except Defendants Crowther and Unknown ICE Supervisor were dismissed. "In Count II, Plaintiff alleged that Crowther [and Unknown ICE Supervisor] authorized a retaliatory and punitive transfer from medical segregation at the Florence Detention Center to general population at the Pinal County Jail." (Order 2/28/211, Doc. 130 at 2.)

On March 8, 2011, the stay was terminated and a new schedule was adopted, setting a discovery request cutoff of April 29, 2011. (Order 3/8/11, Doc. 131.) That same order denied Plaintiff's Motion for Extension of Time to Serve Unknown ICE Supervisor (Doc.

- 1 -

125) and a Motion for Leave to Propound Limited Discovery (Doc. 126), seeking to obtain the identity of Defendant Unknown ICE Supervisor. That order reasoned that any claim made out against Defendant Unknown Supervisor had been dismissed.

On March 31, 2011, Plaintiff was ordered to show cause why Defendant Unknown ICE Supervisor should not be dismissed for failure to state a claim. (Order, Doc. 134.)

On May 26, 2011, the Court noted that Defendant Unknown ICE Supervisor remained unserved, and considered Plaintiff's argument that the prior grant of summary judgment as to Count I was in favor of Defendant Crowther only, and that the basis for that dismissal - the lack of *respondent superior* liability, would not necessarily apply to Defendant Unknown ICE Supervisor. "In Count I, Plaintiff alleged that during his confinement as an immigration detainee at the Florence Detention Center in Florence, Arizona, Crowther and an Unknown ICE Supervisor violated his constitutional rights when they housed him in an overcrowded dorm [Charlie Unit at Florence Detention Center] where his safety was threatened by frequent incidents of violence and threats of assault by other inmates." (Order 2/28/11, Doc. 130 at 1.)

Consequently, the Court gave Plaintiff until July 7, 2011 to either: (1) file a motion to amend to name Defendant Unknown ICE Supervisor, and to seek service of such amended pleading; or (2) to show cause why Defendant Unknown ICE Supervisor should not be dismissed for failure to serve. That same order granted Plaintiff an extension of time through June 9, 2011 to propound discovery directed to identifying the unknown defendant. (Order 5/26/11, Doc. 141.)

Plaintiff subsequently served interrogatories on Defendant Crowther seeking the names of the ICE officers who authorized his various housing assignments "from start to finish." (Motion to Extend, Doc. 159, Exhibit A.) Defendant Crowther responded that Plaintiff's housing movements were a function of his classification as a Level 3 detainee, and that he was housed where Level 3 detainees were being placed at the time. No records were found to indicate who directed the various movements between the Jail Unit and the "Charlie" Unit. (*Id.*)

On July 1, 2011, Plaintiff filed: (1) a Motion for Leave to Serve Discovery Requests on Third Party (Doc. 158), seeking additional discovery to identify and name Defendant Unknown ICE Supervisor; and (2) a Motion to Extend (Doc. 159), seeking an extension of time to file a motion to amend to name Defendant Unknown ICE Supervisor.

In an Order filed September 21, 2011 (Doc. 169), the Court found that Plaintiff had had discovery generally available to him for the periods of June 24, 2010 through September 1, 2010, and March 8, 2011 through April 29, 2011. Although the period for discovery in this case was not expansive, the Court found that Plaintiff made no showing that he utilized it diligently to identify this defendant. Moreover, Plaintiff was again provided an opportunity to pursue discovery on this particular issue from May 26, 2011 though June 9, 2011. Plaintiff was unsuccessful and his requests to further purse the matter were made after the expiration of the extended deadlines. Consequently, the motions to pursue discovery and to extend the time to name Defendant Unknown ICE Supervisor were denied.

The time to object to that Order has expired, Fed. R. Civ. P. 72(a), and Plaintiff has not objected.

**<u>Failure to Timely Serve</u>** - Federal Rule of Civil Procedure 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides that service shall be completed by the "maximum date to effect service, pursuant to Rule 4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later." Those times have long since passed, as has the Court's extension of the deadline for service through July 7, 2011. (Order 5/26/11, Doc. 141.)

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.*, 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.*, 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge*, 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-1224 (9th Cir.2000). Here, all but the last factor call for a finding of no excusable neglect.

<u>Danger of Prejudice to Unserved Defendant</u> - Defendant Unknown ICE Supervisor, if eventually served, would be brought into litigation in which all deadlines either are expired or soon will be. For example, under the current scheduling order, deadlines for discovery and dispositive motions have all passed and the case will be ready to proceed to trial once Defendants' pending Motion for Summary Judgment is resolved. (Order 3/8/11, Doc. 131.)

<u>Length of Delay and Impact</u> - Over 17 months have expired since the filing of Plaintiff's Third Amended Complaint (Doc. 60). To now extend the time for service, and to introduce a new defendant would effectively mean resetting the schedule in this case. This case is already over two years old, the time for service expired long ago, and the case is

nearing completion.

<u>Reason for Delay</u> - Plaintiff's fitful attempts at naming and pursuing service on this defendant do not demonstrate diligence, nor provide sufficient reason to explain the extent of the delay. Rather, much of the delay is attributable to simple neglect. Prejudice to the opposing parties would result from the 11th hour addition of a new defendant. Prejudice to the new defendant would mirror the prejudice to the remaining defendant, whose case is the subject of a fully briefed motion for summary judgment and otherwise appears ready to proceed to trial.

<u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory.

<u>Weighing</u> - The absence of bad faith by Plaintiff does not outweigh the other considerations, and therefor the undersigned concludes Plaintiff has not shown excusable neglect to excuse his failure to timely serve Defendant Unkown ICE Supervisor.

**<u>Summary</u>** - Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service on Defendant Unknown ICE Supervisor.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), Defendant Unknown ICE Supervisor be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's

right to *de novo* consideration of the issues, *see United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

DATED: October 25, 2011

_____
JAY R. IRWIN
United States Magistrate Judge

S:\Drafts\OutBox\09-1148-r RR 11 10 25 re Dismiss FTSev.wpd